IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GWENDOLYN DOLORES RODGERS PATRICK, Individually and on behalf of the Estate of ALTON RODGERS deceased, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | 2:16-CV-216-D |
| BARRY MARTIN, *et al.*, | § § | |
| Defendants. | § § | |

## ORDER

After making an independent review of the pleadings, files, and records in this case, the June 29, 2018 findings, conclusions, and recommendation of the magistrate judge, and the July 13, 2018 objections of defendant State of Texas, the court concludes that the magistrate judge's findings and conclusions are correct. Accordingly, the recommendation of the magistrate judge is adopted, and the January 25, 2018 motion of defendant State of Texas for judgment on the pleadings is denied.

In denying the motion, the court does not suggest that the State of Texas is foreclosed at a later procedural stage from establishing that plaintiffs' claims against it are entirely duplicative of their official capacity claims and that the State should therefore be dismissed as a defendant. It is clearly established that a suit against a government official in his or her official capacity is "only another way of pleading an action against an entity of which [the official] is an agent." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 n.55 (1978). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is . . . treated as a suit against

the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

    **SO ORDERED**.

    August 17, 2018.

                                                         _____
                                                         SIDNEY A. FITZWATER
                                                         UNITED STATES DISTRICT JUDGE